**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA      *

   v.                      *     Criminal Action No. RDB-19-485

DOMINIC FALCON,         *

   *Defendant.*           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM ORDER</u>

Before this Court is Petitioner Dominic Falcon's pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. (ECF No. 283). On April 6, 2021, Mr. Falcon was sentenced to seventy-months' imprisonment after pleading guilty to one count of distribution and possession with intent to distribute controlled dangerous substances, in violation of 21 U.S.C. §841(a)(1). (ECF No. 260.) On November 17, 2022, Mr. Falcon filed the pending Motion to Reduce Sentence (ECF No. 283).

While that Motion was still pending, Petitioner was released. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by register number 65034-037). He has not been in the custody of the Bureau of Prisons since September 29, 2025. *Id.* Accordingly, the Court can no longer grant his requested relief of a reduction of sentence by fourteen to twenty-two months.

"'Simply stated, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The United States Court of Appeals for the Fourth Circuit has determined that requests for compassionate

1

release under 18 U.S.C. § 3582 are rendered moot when an inmate is released. *See United States v. Banks-Davis*, No. 21-6550, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021)); *see also United States v. Jackson*, No. 22-7140, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration."). "When a case is moot, 'the court's subject matter jurisdiction ceases to exist.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 749 (4th Cir. 2018) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)).

As Mr. Falcon has served his sentence, his Motion (ECF No. 283) is moot and the Court now lacks subject matter jurisdiction over this matter. His pro se Motion to Reduce Sentence is DENIED AS MOOT. It is SO ORDERED this 26th day of March 2026.


___/s/_____
Richard D. Bennett
United States Senior District Judge